IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02572-MEH

GEORGIANA CHAVEZ as assignee of Marlena Whicker,

    Plaintiff,

v.

ARIZONA AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

## ORDER ON MOTION FOR ATTORNEY'S FEES AND COSTS
---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion for Attorney Fees and Costs [filed November 27, 2018; ECF No. 67]. For the reasons that follow, the motion is granted in part and denied in part.

First, the Court acknowledges Defendant's unrebutted request for "authorization to submit documentation supporting its attorney fees following a determination of its entitlement to fees." The Court will grant Defendant's request and analyze here *only* whether Defendant is entitled to awards of attorney's fees and costs; the reasonableness of fees and/or costs, if any are awarded, will be determined separately.[1]

Defendant brings its request for an award of attorney's fees pursuant to Colo. Rev. Stat. § 13–17–201, which "provides for a reasonable award of attorney fees '[i]n all actions brought as a

---

[1]The Court also notes the Plaintiff's challenge to Defendant's proposed bill of costs, which was raised in response to the present motion. First, a request for relief may not be raised in a response or reply to an original motion. *See* D.C. Colo. LCivR 7.1(d). Second, the Clerk of the Court is authorized to make initial determinations as to proposed costs. *See* Fed. R. Civ. P. 54(d)(1).

result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under [C.R.C.P.] 12(b).'"[2] *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1009 (Colo. 2008). In addition, Defendant seeks an award of costs pursuant to Colo. Rev. Stat. § 13-16-113(2), which is identical to § 13-17-201, except that it permits a "judgment for costs" for Rule 12(b) dismissals of tort actions. Awards under these statutes are mandatory. *Crandall v. City of Denver*, 238 P.3d 659, 665 (Colo. 2010) ("the express statutory language of sections 13–16–113(2) and 13–17–201 mandate awards of costs and attorney fees to the defendant in the event that a plaintiff's tort action is dismissed pre-trial on a C.R.C.P. 12(b) motion to dismiss").[3] In this case, Plaintiff brought two claims against Defendant, one for breach of contract and the other for "bad faith breach of contract," which is a tort claim in Colorado. *Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 415 (Colo. 2004). Defendant contends that the only question in this matter is whether Plaintiff's action sounds in contract or in tort.

Where, as here, there are an equal number of contract and tort claims, all arising out of the same nucleus of facts, "the court should focus on the manner in which claims are pled" to determine whether the essence of the action is one in tort. *Crow v. Penrose-St. Francis Healthcare Sys.*, 262 P.3d 991, 997 (Colo. App. 2011); *see also Gagne v. Gagne*, 338 P.3d 1152, 1167 (Colo. App. 2014).

---

[2]It is undisputed that the statute would apply in an action brought in this Court, even when a state tort claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Jones v. Denver Post Corp.*, 203 F.3d 748, 757 n.6 (10th Cir. 2000).

[3]Importantly, for purposes of this order, West Publishing's headnote number 6 in *Crandall* refers to "awards of costs and attorney fees to defendants in tort actions dismissed pre-trial pursuant to *motions for judgment on the pleadings*" (*id.* at 659 (emphasis added)); however, in the text of its order, the Supreme Court repeatedly refers to the motions at issue in that case as brought pursuant to Colo. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and does not mention any motion brought pursuant to Rule 12(c). *See id.* at 662 ("As this case is a tort action dismissed on a C.R.C.P. 12(b)(1) motion . . . .").

2

In *Crow*, the court found the plaintiff "chose to include . . . tort claims to obtain relief beyond what was available solely under a breach of contract theory" and perceived no error in the trial court's application of § 13-17-201. *Id.* The *Gagne* court followed this reasoning and concluded that a court must first determine whether the essence of the action is tortious in nature, then ask whether tort claims were "asserted to unlock additional remedies." 338 P.3d at 1168.

In this case, the Court need not undertake such analysis, because the Plaintiff does not rebut Defendant's contention that her case is, in essence, tortious in nature. Instead, Plaintiff argues that the statute does not apply because her case is not one of "a narrow category of baseless tort cases ... so lacking in substance that they could not survive a motion to dismiss for failure to state a claim . . . ." Resp. 2 (citing *Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1165 (Colo. 2013) and *Krystkowiak v. W.O. Brisben Cos., Inc.*, 90 P.3d 859, 869 (Colo. 2004)). Specifically, Plaintiff asserts that, because the Court initially denied Defendant's motion to dismiss, and the case proceeded through fact and expert discovery over the following seven months, her claims should be deemed to have some merit. In addition, Plaintiff contends that because the Court considered documents outside the pleadings in dismissing her case, the motion should have been converted to a motion for summary judgment.

For her latter contention, Plaintiff cites § 13-17-201, which provides in relevant part: "This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure." Colo. Rev. Stat. § 13-17-201. Defendant replies that the Court properly considered Marlena Whicker's state court complaint under a Rule 12(b)(6) analysis because such pleading is subject to judicial notice (Reply 4 (citing *Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir.

3

2006))) and properly considered the subject insurance policy, which was incorporated by reference in the operative pleading and was central to the Plaintiff's claims (*id.* (citing *GFF Corp. v. Associated Wholesale Grocerts, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997))).

The Court agrees with Defendant that the Court had properly considered the documents without conversion to Fed. R. Civ. P. 56. *See* Order 2 n.2, 3 n.3, ECF No. 66. However, the Court notes that, in accordance with the chronology and filings in the case, its order dismissing the Second Amended Complaint was more accurately issued pursuant to Fed. R. Civ. P. 12(c), which governs requests for judgment on the pleadings.[4] That is, on October 19, 2018, the Court withdrew its previous order denying the motion to dismiss Plaintiff's First Amended Complaint, granted the Plaintiff leave to file a Second Amended Complaint, and vacated the discovery deadlines. ECF No. 58. The Court also set deadlines for filing the Second Amended Complaint and for briefing on the Defendant's pending motion to dismiss; the deadlines for briefs were set after the filing of the Second Amended Complaint. *Id.* In accordance with the October 19, 2018 order, the Plaintiff timely filed the Second Amended Complaint on October 20, 2018, ECF No. 59, Defendant then filed its supplemental brief on the motion to dismiss on October 24, 2018, ECF No. 60, and Plaintiff filed her response to Defendant's brief, ECF No. 63, on October 29, 2018.

Then, despite the pending motion to dismiss, Defendant filed an "Answer to Plaintiff's Second Amended Complaint" on November 5, 2018. ECF No. 64. The Answer does not appear to be in response to only a portion of the Second Amended Complaint or, otherwise, filed in the alternative to the motion to dismiss; in fact, the Answer asserts Plaintiff's failure to state a claim as

---

[4]Rule 12(c) states in its entirety: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

a defense and Defendant's prayer states: "having fully answered the Amended Complaint and all claims for relief set forth therein, Defendant prays for judgment against Plaintiff and dismissal of all claims with prejudice." *Id.* at 7-8. As such, the subsequent November 14, 2018 order dismissing the Second Amended Complaint (*see* Order 1 n.1, ECF No. 66) would be accurately framed as an order granting a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) (a motion to dismiss filed after an answer, in which the failure to state a claim is asserted, "should generally be treated as a motion for judgment on the pleadings"). In addition, the Court's dismissal order was properly analyzed, since the standard used for a Rule 12(b)(6) analysis is the same used for a Rule 12(c) analysis. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1102 (10th Cir. 2017) ("we use the same de novo standard of review 'when evaluating 12(b)(6) and 12(c) motions ...[;] our decision ... would be the same whether considered as a 12(b)(6) motion or a 12(c) motion.'" (quoting *Jacobsen*, 287 F.3d at 941 n.2)).

An award of attorney's fees under Colo. Rev. Stat. § 13-17-201 and an award of costs under Colo. Rev. Stat. § 13-16-113(2) are not proper when a case is dismissed pursuant to Rule 12(c). *See BSLNI, Inc. v. Russ T. Diamonds, Inc.*, 293 P.3d 598, 601 (Colo. App. 2012) ("under the plain language of the statutes, the trial court must award attorney fees and costs under sections 13–16–113(2) and 13–17–201 when it dismisses the entire action pursuant to Rule 12(b)"). The *BSLNI, Inc.* court determined that it must "interpret the meaning of the statutory language 'under rule 12(b)' narrowly, and will only uphold an award of fees when an action is properly dismissed pursuant to C.R.C.P. 12(b)." *Id.* The court reasoned that motions to dismiss for failure to state a claim "are intended to test the sufficiency of the complaint and to 'permit early dismissal' of

meritless claims," whereas motions for judgment on the pleadings are filed "after the pleadings are closed." *Id.* at 601-02. The court concluded that the requested statutory awards were not warranted for dismissal of the action pursuant to Rule 12(c). *Id.* at 602.

Here, the Defendant filed an Answer to the Second Amended Complaint, which closed the pleadings and deemed the pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). In Colorado, the statutes providing awards of attorney's fees and costs for tort actions dismissed pursuant to Rule 12(b)—Colo. Rev. Stat. §§ 13-16-113(2) and 13-17-201—are interpreted "narrowly" to permit such awards only when an action is "properly dismissed pursuant to C.R.C.P. 12(b)." Accordingly, the Court is not permitted to order awards of attorneys' fees and costs as requested by Defendant in this matter.

Based on the entire record and for the reasons stated above, the Court **grants in part and denies in part** Defendant's Motion for Attorney's Fees and Costs [filed November 27, 2018; ECF No. 67].

SO ORDERED.

DATED at Denver, Colorado, this 25th day of April, 2019.

                                        BY THE COURT:

                                        */s/ Michael E. Hegarty*

                                        Michael E. Hegarty
                                        United States Magistrate Judge